BROWN, Chief Judge.
11 This action was filed by plaintiffs, John Oliver Lowery, Rice Gregory, III, and Rice Gregory, IV, to enforce a right of first refusal to buy undivided interests in hunting and fishing rights. The trial court set aside a sale of an undivided 2/7 interest to defendant, William Butler, III, and granted specific performance of the right of first refusal to plaintiffs. We affirm.

Facts and Procedural Background

The parties involved in this lawsuit are co-owners of hunting and fishing rights on approximately 1,275 acres in Tensas Parish. These rights originated from a 1973 cash sale deed of this land by its then *1272 owners to the W.E. Parks Lumber Company, yvherein the hunting and fishing rights were reserved or retained for ten years from August 1, 1973, and thereafter the option to renew for up to five subsequent ten-year periods.[1] The co-owners refer to their organization as the Winns-boro Hunting Club. Prior to the actions that brought about this suit, there were seven co-owners: (1) defendant/appellant, William Butler, III; (2) defendant/appel-lee, Ellington Revocable Trust (trustee-Richard Ellington); (3) defendant/appel-lee, The Camouflage Shoppe, Inc. (owner-Richard Ellington); (4) plaintiff, John Lowery; (5) plaintiff, Rice Gregory, III; (6) plaintiff, Rice Gregory, IV; and (7) Delia Butler (William Butler’s sister), who is not a party to this lawsuit.
On August 28, 2001, the co-owners entered into a Use Agreement and Right of First Refusal. Pursuant to the Right of First Refusal provisions, |2any co-owner desiring to sell its undivided interest must first offer its interest to the other co-owners at the same terms and conditions as the proposed sale. The co-owners would then have ten days from receipt of the notification to exercise their right of first refusal. Thereafter, any co-owner who exercised his or her right of first refusal would have 30 days to complete the purchase of the seller’s interest.
On June 22, 2012, Ellington Revocable Trust and The Camouflage Shoppe, Inc. (hereinafter collectively referred to as “Ellington”), entered into a buy/sale agreement with Ross Cagle. Cagle had been a regular guest of Butler’s at the Winnsbor-ro Hunting Club for almost 40 years. Ca-gle was purchasing both of Ellington’s undivided one-seventh (1/7) interests. The total purchase price for the undivided two-sevenths (2/7) interest was $95,000. The purchase agreement recognized that the sale was “subject to the satisfaction of the right of first refusal,” and it included an acknowledgment that Cagle had deposited $10,000 with Ellington’s escrow agent/attorney, William Hallack, Jr. Thereafter, Ellington notified all co-owners by certified mail dated June 22, 2012, of the purchase agreement and informed them that pursuant to “the provisions of the agreement, each of you has 10 days from the date of receipt of this Notice of Offer to Purchase to notify me that you will purchase.”
On June 25, 2012, William Butler notified Ellington that he was exercising his right of first refusal. Thereafter, on July 2, 2012, plaintiffs, John Lowery, Rice W. Gregory, III, and Rice W. Gregory, IV, each exercised his right of first refusal. The only co-owner to not exercise her |3right of first refusal was Delia Butler. Shortly after plaintiffs exercised their rights, counsel for plaintiffs contacted counsel for Ellington for information as to how to proceed to closing; plaintiffs suggested that the shares be purchased in a pro rata manner. After a month of little or no communication from Mr. Hallack as to how to proceed, counsel for plaintiffs sent a certified letter to Ellington on August 16, 2012, stating that “my clients stand ready to complete the transaction.”
An Assignment and Assumption of Rights and Obligations from Ellington to William Butler was executed on August 22, 2012. According to testimony, present at the closing were Ellington and Butler, their attorney, Mr. Hallack, and Cagle. The monies used for this purchase came from Cagle’s company. Cagle “transferred” the $10,000 deposit he had already *1273 placed in escrow to Butler to use as a deposit, and then Cagle brought another cheek in the amount of $85,000. This check was from Cagle’s company but signed by Butler’s wife, who worked for Cagle. Both checks, made out to “William H. Hallack Jr, Atty,” were placed into escrow.
On October 9, 2012, plaintiffs filed a petition seeking to nullify the August 22, 2012, sale and/or to modify and reform the sale to divide the sellers’ two-sevenths (2/7) interest pro rata among them and Butler, which, after a trial on the merits, the trial court granted on November 22, 2013. For the reasons stated herein, we affirm.

Discussion

Butler argues on appeal that the trial court erred in finding that the right of first refusal had not prescribed. Butler contends that since the right |4of first refusal was executed on August 28, 2001, and no term was stated therein in that document, that the right prescribed on August 28, 2011.
Louisiana Civil Code article 2628, which pertains to the time limitations of a right of first refusal, provides:
An option or a right of first refusal that concerns an immovable thing may not be granted for a term longer than ten years. If a longer time for an option or a right of first refusal has been stipulated in a contract, that time shall be reduced to ten years. Nevertheless, if the option or right of first refusal is granted in connection with a contract that gives rise to obligations of continuous or periodic performance, an option or a right of fírst refusal mag be granted for as long a period as required for the performance of those obligations. (Emphasis added).
The trial court found that the existence of the right of first refusal was dependent upon the co-owners’ reservation of their hunting and fishing rights in the original 1973 deed, and the timely exercise of the recurring options to renew those rights every ten years. Based upon this, the trial court determined that the two contracts must be read and applied together; otherwise, the right of first refusal would be meaningless. As such, the trial court found that the exception to the ten-year term limitation applied.
Butler argues that the trial court erred in reading and applying the two separate contracts — the 1973 deed and the Use Agreement and Right of First Refusal — in unison to find that continuous or periodic performance was required. Butler asserts that the two documents are wholly independent of one another and that the trial court should have contained its review of the right of first refusal to that sole contract.
We disagree with Butler’s position. The operation of the Use Agreement and Right of First Refusal is subject to the co-owners exercising | stheir options as set forth in the 1973 deed. This renewal constitutes a periodic performance, and is also one which is limited in term as the co-owners’ hunting and fishing rights will cease in either 2023 or 2033. Furthermore, we note that all parties in this matter, including Ellington and Butler, expressly stated in their testimony that they believed that the right of first refusal was still valid and in full effect at the time the purchase agreement with Cagle was executed. In particular, that purchase agreement provided:
Sellers’ obligation to sell the Property is subject to the satisfaction of the Right of First Refusal. Sellers and Purchaser acknowledge that the other parties to the Use Agreement and Right of First Refusal have a period of 10 days after *1274 receipt of notice of this Purchase Agreement during which they can elect to purchase the Property on the same terms and conditions as set forth in this Purchase Agreement.
Plaintiffs and Butler all relied upon this right in exercising their right of first refusal. For Butler to utilize the right of first refusal, and then argue that the right had prescribed, is contradictory.
Butler argues, alternatively, that plaintiffs let their right of first refusal lapse since they failed to consummate the purchase from Ellington within 30 days as required by the Use Agreement and Right of First Refusal. This argument is also without merit. Butler himself failed to complete the purchase of Ellington’s inters est within the 30-day time frame. If plaintiffs’ failure to complete the transaction within 30 days was a cause for their right of first refusal to lapse, then the same would hold true for Butler. As such, his purchase from Ellington would have constituted a new sale and, therefore, would have been subject to plaintiffs’ right of first refusal. | (¡Moreover, the plaintiffs’ inability to conclude the transaction with Ellington was a direct result of the failure of Ellington and his attorney, Mr. Hallack, who also represented Butler, to take any steps to close the sale with plaintiffs, even though plaintiffs had been doggedly seeking instruction on how Ellington and Mr. Hallack would like to proceed to closing.

Conclusion

For the reasons stated, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, William Butler, III.

. The co-owners claim that they have the option to renew their hunting and fishing rights until 2033. The surface owner, however, claims that there are no more options and that the co-owners' rights will end in 2023. This determination is not presently before us.